Are you ready to proceed? Yes, I am. Good morning, your honors. And just before you do that, I just want to make sure that Mr. Van Wettering, that you can hear and we can see you, fine, but can you hear us? I can hear beautifully, thank you, your honors. Thank you. If any time, just sort of hold up your hand and wave at us if there's a problem because we don't want to have that kind of conversation. And we will have the hearing proceed without your full attendance. Thank you. Thank you. The sentence imposed in this case was imposed back in November of 2004, which is almost a year ago. During the intervening time, the law has vacillated back and forth, up and down, on the impact of the Blakeley decision and the Primary decision and how that would impact on the United States Sentencing Guidelines, which we know did impact, and that was the decision in Booker, which the Supreme Court rendered in January 2005. Even after that decision, it took a while for the circuit courts to kind of settle down on how they would be treating the direct appeals that were pending on sentencing issues. And this Court, especially, and I hope I'm pronouncing this case right, Ameline, I waited a long time for the second decision after the rehearing to come down. And, of course, we know that that one holds that this Court held that a limited remand to ascertain from the district court what type of sentence they would have imposed, would it be a different one had they known the guidelines were advisory at the time. But this case doesn't fit squarely within that, either, because we have the alternative sentence that the district court imposed at the same time as the guideline sentence. The problem is there was no guidance. The district court at that time was, I think, reaching for straws, because the district court had absolutely no guidance from this Court or the Supreme Court on what to do if the sentences, sentencing guidelines were found to be unconstitutional. Kennedy Does your client agree, once you go back in front of Judge Haddon, for a re-sentence? Well, because of the greater alternative sentence, I advised him that he could impose – if the alternative sentence was found to be reasonable, which I believe the alternative would have to be imposed first and then there would be a reasonableness  So my question is this. I think Judge Haddon made it perfectly clear where he wanted to go with this case if he were not constrained by the guidelines. He wanted to go up. So if we were to do an amyling remand and tell the judge, we can't tell. So we want you to take a look at the sentence. Don't you think it's about 100 to 1 that the sentence will be higher? Certainly that possibility is there. He said it's a probability based on what Judge Haddon said. But do you remember that Judge Haddon never considered any 350, 3553A factors at all? But he did have – what he basically said is his guideline sentence, I think, is too little. So if he goes back, wouldn't he say, you know, the guidelines aren't mandatory? Obviously, the statute may be in terms of considering factors. But I look at all this and my consideration of the guidelines is that they're way under in this situation, and therefore, I'm going to go to 360. I think we'd be hard-pressed to say that was unreasonable, wouldn't we? Well, we don't know – I don't think it's carved in stone that he would impose the 360, because there was never a presentation by defense counsel on some factors that may mitigate it. Actually, what Judge Haddon did was impose or do an upward departure in his alternative sentence without putting on any – allowing the defendant any opportunity to counter an upward departure. The defense counsel did make a plea for the defendant here, mainly based on his age, as I recall. Me? Yeah. The defense counsel not only based on his age, but also indicated that the sentence was disproportionate to the other defendants in this case, which, of course, cooperate with the government and got substantially lower sentences. I think Booker makes very clear that the – Well, what I'm getting at is there's a case from this Court. I can't tell you the name of it, but it says that a defendant should not be remanded under Amelie unless the defendant consents. And you're representing to me that this defendant has specifically told you that he is willing to run the risk of a heavier sentence if we remand under Amelie. I have explained that to him, that because when Sanfan went back, he did get a higher sentence, and I'm not certain of the outcome, whether he appealed that again. But it's possible. The part that my client, I think, believes the remand would be prudent for him is because there was never an opportunity. Had the guidelines been – Booker decided at the time of sentencing, he believes that he could put on some evidence that would cause the judge not to take this out of the heartland and go up. Okay. I'm not trial counsel. As long as he understands the risk, because it's 33 months of this man's life is what we're talking about. I have explained that to him, Your Honor. And I know that, you know, actually, even under Amelie, we don't get a remand because we know what the judge did. I mean, if all cases on direct review go back, this one could anyway, unless we withdraw the appeal. But with the alternative sentence already imposed, without any consideration of the 353A, the toll effect, the judge didn't mention 3553 at all. He did list some of the criteria, but that was never countered by the defendant. It was – it was – whether the government is right in that even if the sentencing guidelines were constitutional, that the defendant had a right to put this evidence on, some mitigating evidence, that was not done in this case other than a brief argument about his age and the sentences of the other defendants. There was nothing about the history that would counter Judge Haddon's assessment that this defendant was not subject to rehabilitation, that this defendant was worse than the average case of meth distribution in Montana. In other words, nothing particular about this defendant was ever presented, and he – my client would like the opportunity to present that evidence. I'm going to reserve time for rebuttal. Yes, I would like to present. All right.  You may proceed. Thank you, Your Honor. May it please the Court, I am John Finkler from the District of Montana, representing the United States in this appeal. And the United States' position certainly is that Mr. Tiscarino should really count himself fortunate that there is no plain error in this case. Judge Haddon made crystal clear what sentence he would give and the reasons he put forth. And I'm going to quote from page 15 of the excerpts of record where Judge Haddon noted, and I quote, the extreme danger that this individual presents to the community, his role in the offense of conviction and in the drug conspiracy, which was the basis for that conviction, and the firm belief and conviction of this Court that the guideline maximum of 327 months is inadequate to place appropriate responsibility upon this individual. When the Court tracked 3553A precisely, they certainly touched on a number of the reasons for sentencing in 3553A. And I would suggest only that there's not even a 100 to 1 chance that Judge Haddon is going to sentence him to more. It seems inevitable to me that he would. In some ways, that's not really our legal standard. I mean, we're sort of stuck with this situation where many district judges, to their credit, were trying to figure out what the Supreme Court might do so they were making their best guess. And so we have a whole range of alternate sentences imposed by different judges, some of whom said, well, I would do this, but then I would also take into account the guidelines. What we don't actually have here is he's assuming the guidelines are unconstitutional so that they don't really have any merit. And although it may seem like a technical remand, it would seem to me that we can't for sure say that he imposed his alternate sentence under the new regime. And counsel has said they recognize it could go up to 360. So is the government opposing a limited remand? Your Honor, we are opposing a limited remand on the plein air argument. And if it does get remanded, we will certainly be encouraging Judge Adden, I'm sure, to go to 360 because we don't disagree with his characterization of the defendant. You're not supporting the alternative sentence now, though, is that right? You're just saying if it's remanded, you may change to that position. That's correct, Your Honor, because our position is that Judge Schroeder is correct, that Judge Adden did not anticipate Booker, that is to say a partial unconstitutionality. I'm Judge McEwen. My apologies. My apologies, Judge McEwen. That Judge Adden did not anticipate a partial unconstitutionality of the relevant sentencing statutes, and, of course, that's what the Supreme Court did, said only the mandatory portion is unconstitutional. And Judge Adden was offering an alternative sentence in the event that the guidelines were wholly unconstitutional. I would disagree with the defendant's characterization of an opportunity to present any mitigating circumstances. However, there was a sentencing hearing. He did have counsel representing him. He had every incentive to argue for the low end of the guidelines, and that did not come to pass. So by any of the standards of plain error, the United States does not see a way that there's plain error in this case. Certainly, well, I guess it seems almost unfathomable to me that he would point to an opportunity for a higher sentence as prejudice, and there's nothing in the mitigating factor that would weigh in his behavior. I don't think there's a Ninth Circuit case on the need for limited remand if there's an alternative sentence. But Crosby, which was the case that presumably Ameline was fashioned on, addresses that point and says that if there's an alternative sentence, there should be a limited remand in any event. Do you have any position on that? No, Your Honor. That's certainly correct. Unless there are other questions, then I will rest. Thank you. Thank you. All right. Mr. Court, I would like to bring to the Court's attention that the district court concluded, without going into any detail, that Mr. Tiscarino was an extreme danger to the community. And going through the trial transcript, I could find nothing in the transcript that or the testimony in front of the judge at trial that indicated or supported that contention. And I think that was a real big factor in his wanting to do the highest end of the guidelines, which he did. I believe that the defendant was not able to put on any, any ---- Let me understand. Do you think you're going to get a sentence of less than the lower end? Is that your position? I would think my client would certainly want that. I know what he wants. Okay. And Judge Haddon said in the ---- in his sentencing discourse that if the guidelines don't apply, if they're unconstitutional, then he has to go by the statute of conviction. That's incorrect as well. He does not have to. He can fashion a sentence within the guidelines, lower than the guidelines. Whether he can go above the guidelines brings up another issue that this Court has not addressed as well, and that is an ex post facto argument. Whether he can still go above the guidelines on the alternative has not been answered in this Court. It's not been maybe brought up in front of this Court. Okay. Well, he might be a test case. Do you want 30 days to consult with your client in light of the prosecutor and the government's representation that they'll seek the sentence of 360 months? Would you like 30 days to consult and advise us whether you still pursue the limited remand, or do you want us to simply issue our decision in due course? I would like the 30 days. All right. Does the government have any objection to the 30 days? No, Your Honor. All right. It may be that we'll have an appeal or we won't have an appeal and we'll all have an answer or you'll withdraw your appeal. Thank you. Just a clarification, Your Honor. Is that on the ex post facto, the higher sentence issue? No. You have you can talk to him. I'm just telling you that we will suspend our decision for 30 days. If we don't hear from you, we'll issue it in due course. We don't know what that will be, but you may want to advise us that your client, after consultation, wants to withdraw this appeal in light of the government's representation. But after 30 days, then it's back on track. Thank you. All right. The case of United States v. Tiscarino is submitted.
judges: Cudahy , T.G. Nelson, McKeown